The Honorable Randy Laverty State Senator Post Office Box 303 Jasper, Arkansas 72641-0303
Dear Senator Laverty:
I am writing in response to your request for my opinion on the following two (2) questions:
 1) In the scenario described, does A.C.A. § 16-17-129 require that all funds collected by cities and towns be paid to the county?
 2) If the answer to the first question is yes, may a city or town hold the funds it has collected pending the possibility that its prisoner might ultimately be housed in another county's jail?
Your opinion request set forth the following scenario:
 Act 209 of 2009 and A.C.A. § 16-17-129 . . . [allow] for a levy to defray the cost of incarcerating city and county prisoners. Boone County has only one jail in the county and the county does not charge towns or cities in Boone County for housing prisoners. [Arkansas Code Annotated] § 16-17-129(B) states [that] the funds collected are to be deposited with the town or city collector and "used exclusively to help defray the cost of incarcerating town or city prisoners, including the construction and maintenance of the town or city jail and payments to other entities for incarcerating town or city prisoners."
(Emphasis in original.) *Page 2 
RESPONSE
Your opinion request references both Act 209 of 2009 and A.C.A. § 16-17-129. The act referenced amends the code section referenced. However, the only significant difference for purposes of this opinion is an increase in the amount of the fine that a town or city may levy.Act 209 of 2009 becomes effective on July 1, 2009. Acts 2009, No. 209, § 5 (emergency clause).
I assume based on your recitation of the facts that Boone County does not bill towns and cities within the county for keeping prisoners pursuant to A.C.A. § 12-41-506. I further assume that there is no agreement between Boone County and the towns and cities in question regarding the cost of keeping prisoners pursuant to A.C.A. § 12-41-503(d).
Accordingly, in response to your first question, it is my opinion that the statute in question does not require that the contents of the fund collected by towns and cities pursuant to its terms be paid to the county where the county does not charge towns and cities for keeping prisoners. In fact, for reasons set forth in greater detail below, it is my opinion that the statute does not permit such payment to the county under these circumstances. Moreover, in response to your second question, it is my opinion that, given the situation you describe, it would be appropriate for a city or town to hold any fines collected in the fund pending the possibility that one of its prisoners might be housed in the jail of a county that would actually charge the city or town for keeping said prisoner.
Question 1: In the scenario described, does A.C.A. § 16-17-129require that all funds collected by cities and towns be paid to thecounty?
The relevant portions of the statute in question permit a town or city meeting certain criteria to pass an ordinance to levy and collect an additional fine not to exceed twenty dollars ($20.00) from certain specified defendants. The portion of the statute that you specifically reference further provides that:
 Except as provided in subdivision (a)(1)(C) of this section, all sums collected from the additional fine described in subdivision (a)(1)(A) of this section shall be paid into the town or city treasury to be deposited into a fund to be used exclusively to help defray the cost of incarcerating town or city prisoners, including the construction *Page 3 
and maintenance of the town or city jail and payments to other entities for incarcerating town or city prisoners.
Act 209 of 2009 to be codified at A.C.A. § 16-17-129(a)(1)(B) (emphasis added).[1]
In my opinion, the statute in question does not require that the contents of the "fund" collected by towns and cities pursuant to its terms be paid to the county where the county does not charge towns and cities for keeping their prisoners. In fact, it is my opinion that the statute does not permit such payment to the county under these circumstances. While the statute permits all towns and cities containing a district or city court to levy the fines that will be placed in the treasury to make up the "fund", the plain language of the statute clearly states that the contents of the "fund" may only be used to "help defray the cost of incarcerating city or town prisoners." A.C.A. § 16-17-129. Assuming that the county neither bills the towns and cities for keeping their prisoners nor has any other payment agreement with the same, these entities literally incur no "cost of incarcerating . . . prisoners" in Boone County's jail. Therefore, because there is no cost to defray through payment to the county, such payment from the "fund" would be inappropriate.
If the cost of keeping the town or city prisoners in question burdens the county and the county wishes to benefit from the city's power to levy fines pursuant to A.C.A. § 16-17-129, the county quorum court is free to pass an ordinance setting a daily fee for keeping prisoners pursuant to A.C.A. § 12-41-506. Another alternative would be for the towns/cities and the county to enter into an agreement under A.C.A. § 12-41-503(d) whereby the cost of keeping prisoners in the county jail is the amount of or a portion of the amount of the fines that the towns/cities collect pursuant to A.C.A. § 16-17-129. Under either of these arrangements, there would be a "cost of incarcerating . . . prisoners" in the jail and payment from the fund to the county would be helping to defray those costs. See A.C.A. § 16-17-129(a)(1)(B). *Page 4 
Question 2: If the answer to the first question is yes, may a city ortown hold the funds it has collected pending the possibility that itsprisoner might ultimately be housed in another county's jail?
As previously stated, it is my opinion that the answer to the first question is "no." It is my further opinion that if one of the cities or towns in question is levying the fine described in A.C.A. § 16-17-129, that entity must hold the money from the fine in the fund created for that purpose until such time as it incurs some cost associated with incarcerating its prisoners. (Remember, the town or city must use the contents of the fund exclusively to defray the cost of incarcerating its prisoners. A.C.A. § 16-17-129.) If the entity's prisoner is ultimately housed in another county's jail and that county charges the entity for keeping the prisoner, then it would be appropriate for the entity to pay the charges from the fund.
In sum, given the situation you describe, it is my opinion that it would be appropriate for a city or town to hold any fines collected in the fund pending the possibility that one of its prisoners might be housed in the jail of a county that would actually charge the city or town for keeping said prisoner.
Assistant Attorney General Jennie Clingan prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JC/cyh
[1] The section mentioned as the exception to the rule provides that all fines collected under this statute in a district court funded solely by the county will be paid into the county treasury to help defray the cost of incarcerating county prisoners. The facts that you recited in your request seem to indicate that this exception does not apply. You appeared to concede that the sums collected were properly deposited in the town or city treasury.

 *Page 1